**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Wiltold Trzeciakowski, Individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>GSI Group Inc., Sergio Edelstein, and Robert Bowen,<br><br>            Defendants. | Civil Action No.  1:08-cv-12065-GAO |

**[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**

Having considered the papers filed in support of the Motion of Mason Tenders District Council Trust Funds ("Mason Tenders" or "Movant") For Appointment as Lead Plaintiff and For Approval of Choice of Counsel pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order.

1.      Movant has moved the Court to be appointed as Lead Plaintiff on behalf of purchasers of GSI Group Inc. ("GSI Group") securities in this class action (the "Action") and to approve the appointment of its retained counsel to be Lead and Liaison Counsel.

2.      Having considered the provisions of § 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that Movant is the most adequate plaintiff to represent purchasers of GSI Group securities and that Movant satisfies the requirements of the PSLRA.  The Court hereby appoints Movant to be the Lead Plaintiff and to represent the interests of the class of GSI Group securities purchasers in the Action.

3.      Pursuant to §21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v),

Movant has selected and retained the law firm Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") to serve as Lead Counsel and Berman DeValerio as Liaison Counsel for the class. The Court approves Movant's selection of Lead and Liaison Counsel for the Action.

4.    Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a.    to coordinate the briefing and argument of any and all motions;

b.    to coordinate the conduct of any and all discovery proceedings;

c.    to coordinate the examination of any and all witnesses in depositions;

d.    to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e.    to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f.    to coordinate all settlement negotiations with counsel for defendants;

g.    to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h.    to coordinate the preparation and filings of all pleadings; and

i.    to supervise all other matters concerning the prosecution or resolution of the Action.

5.    No motion, discovery request or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

6. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

8. All counsel for plaintiffs in the Action shall submit to Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate and the subject matter of the work. Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Lead Counsel shall determine. Any failure to timely submit such reports to Lead Counsel may result in the disqualification of such unreported time from being reimbursed from any common fund, which may be created in the Action.

9. Defendants shall effect service of papers on plaintiffs by serving copies on Lead Counsel by overnight delivery service, electronic mail ("e-mail"), telecopy or hand delivery. Plaintiffs shall effect service of papers on defendants by serving copies on each of their counsel by overnight delivery service, e-mail, telecopy or hand delivery.

10. Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings.

SO ORDERED THIS ____day of _____, 2009.


_____
Honorable George A. O'Toole, Jr.
United States District Judge